(82 South. 627)

KING v. DEARING–ORMAN MERCANTILE CO.  (8 Div. 590.)

(Court of Appeals of Alabama.  June 3, 1919. Rehearing Denied June 17, 1919.)

1. USURY ☞114—EVIDENCE—MATERIALITY.

In action by mercantile company on a note, one defense being usury, court did not err in sustaining objections to questions as to whether or not plaintiff had charged 10 per cent. extra on bills to carry them to the fall, and had a cash price, etc., where it had not been shown that the note sued on was secured for the payment of goods sold by the mercantile company, although such questions would have been proper if it was shown that the note was given for goods.

2. EVIDENCE ☞471(6) — CONCLUSIONS OF· WITNESS.

The court properly sustained an objection to a question, "Now, at the time this mortgage was given, was there any conversation or .any definite promise to pay that old indebtedness?" same calling for a conclusion.

3. BILLS AND NOTES ☞489(4)—PLEADING — ISSUES—EVIDENCE.

In an action on a note the court did not err in sustaining objection to the question, "Was this phrase 'All past-due indebtedness' on the

mortgage at the time you signed it?" there being no plea of non est factum.

## 4. EVIDENCE ☞177 — RECEIPTS — CARBON COPIES.

Where receipts were admitted in evidence, carbon copies thereof were admissible to show whether any changes had been made.

Appeal from Circuit Court, Franklin County; J. J. Curtis, Judge.

Action by the Dearing-Orman Mercantile Company against T. B. King. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, ante, p. 83, 81 South. 861.

William Stell, of Russellville, for appellant.

William L. Chenault, of Russellville, for appellee.

BRICKEN, J. Dearing-Orman Mercantile Company (appellee) brought suit against appellant upon a note under seal executed by the appellant on March 13, 1916. This action was commenced in the justice court, and carried by appeal to the circuit court. From a judgment against appellant in the circuit court, this appeal is taken. There are a number of assignments of error based upon the rulings of the court upon the testimony, and the refusal to give the affirmative charge requested in writing by appellant.

In the circuit court the defendant pleaded the general issue; payment, statute of limitations of three years, statute of limitations of six years, and a special plea, No. 5, as follows:

"That the said note, upon this action founded, is usurious and void for the interest thereon in the sum of ($35.318) thirty-five and 318/100 dollars which was included with the principal."

[1] There was no error in sustaining the objection to the questions, "Mr. King, for each bill you bought from Dearing-Orman Mercantile Company, they charged you 10 per cent. extra to carry it to fall?" and "Dearing-Orman Mercantile Company had a cash price, did they not?" asked the defendant. It had not been shown that the note sued on was given to secure the payment for goods sold by Dearing-Orman Mercantile Company to the witness, and for this reason the objections were properly sustained. After the witness later testified that the note sued on was given to secure his account at Dearing-Orman Mercantile Company, it was error to sustain objection to the question asked him, "Now each one of the bills that you bought at Dearing-Orman Mercantile Company, they added in addition thereto ten per cent., did they not?" However, the appellant has not assigned this ruling as error.

[2, 3] There was no error in sustaining the objection to the question asked the witness King: "Now, at the time this mortgage was given was there any conversation or any definite promise to pay that old indebtedness?" The witness should have been asked to state the transaction, and not his conclusions. Nor was there error in sustaining objection to the question, "Was this phrase 'all past-due indebtedness' on the mortgage at the time you signed it?" Such evidence would only be admissible under a plea of non est factum. There was no such plea filed upon the trial of this cause.

[4] We do not deem it necessary to discuss separately the several assignments of error relating to the admission of the several receipts in evidence. These receipts were properly admitted in evidence, and the carbon copies were admissible to show whether any changes had been made. It was proper for them to go to the jury to be weighed by the jury. Westbrook v. Fulton, 79 Ala. 510.

There was no error in refusing to give the affirmative charge requested in writing by the appellant.

There being no error in the record, the judgment in the court below is affirmed.

Affirmed.